UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MUTAZ M. ABUSHAWISH and,**
**MHAMMAD A. ABU-SHAWISH,**
      **Plaintiffs,**

  v.                                      Case No. 20-cv-1914

**MILWAUKEE COUNTY, et al.,**
      **Defendants.**

## DECISION AND ORDER

Plaintiffs Mutaz M. Abushawish and Mhammad A. Abu-Shawish bring this action under § 1983 alleging that defendants violated their Fourth Amendment rights. I previously issued an order granting in part plaintiff's motion for summary judgment. ECF no. 32. Defendant Michael Galezewski has moved to alter or amend judgment under Fed. R. Civ. P. 59(e).[1]

Although any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Rather, a motion for reconsideration serves a very limited purpose in federal civil litigation and should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d

---

[1] Defendant styles his motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). However, no judgment has been entered in this case. Accordingly, I will construe the motion as a motion for reconsideration.

246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 656-66 (N.D. Ill. 1982), *aff'd*, 736 F,3d 388 (7th Cir. 1984)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F.Supp. 793, 795 (N.D.Ill. 1996).

The facts of this case are discussed in detail in my previous order. ECF no. 32. As relevant here, Mutaz[2] rented a U-Haul van to transport equipment owned by his father, Mhammad. Mutaz enlisted the help of his friend, Mario Navarro, to drive the van. While Navarro was driving the van, Deputy Galezewski stopped him and subsequently arrested him for driving without a license. During the traffic stop, Mutaz appeared on the scene, identified himself as the renter of the U-Haul van, and asked if he could take the van. Galezewski responded, "No, it's being towed" and impounded the van. Galezewski did not ask if Mutaz was a licensed driver or attempt to confirm that Mutaz was the renter of the van.

Galezewski argued at summary judgment that he had impounded the vehicle under the community caretaker rationale. Because Mutaz was a licensed driver and was legally entitled to drive the van, I ruled that Galezewski acted unreasonably by impounding the van. As I explained, impounding a vehicle without regard to whether the driver or owner "can provide for its removal is patently unreasonable if the ostensible purpose for the impoundment is for the 'caretaking' of the streets." *United States v. Duguay*, 93 F.3d 346, 353 (7th Cir. 1996). In other words, when a licensed driver who is legally entitled to remove a vehicle and willing to do so is on the scene, an officer may

---

[2] Because the plaintiffs have similar last names, I will refer to them by their first names.

not impound the vehicle under the community caretaker rationale. *Id.* Because Mutaz's right not to have the van impounded was clearly established, I ruled that Galezewski was not entitled to qualified immunity.

Galezewski argues that I erred in determining that he was not entitled to qualified immunity. The doctrine of qualified immunity shields officers from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The inquiry consists of two questions: (1) whether the evidence, taken in the light most favorable to the plaintiff, supports a finding that the defendant violated the plaintiff's constitutional rights; and (2) whether that right was clearly established at the time of the alleged violation. *Day v. Wooten*, 947 F.3d 453, 460 (7th Cir. 2020). In determining whether a right is clearly established, a "rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018)).

Galezewski argues that Mutaz's right not to have the van impounded was not clearly established because Galezewski could have reasonably doubted Mutaz was legally entitled to drive the van. Specifically, Galezewski asserts that he did not know whether Mutaz was, in fact, a licensed driver or the renter of the van. But Mutaz told Galezewski that he was the renter of the van, and Galezewski made no inquiries into whether Mutaz was the renter of the van or a licensed driver. Instead, he arbitrarily impounded the van. Thus, Galezewski acted without regard to whether Mutaz was legally entitled to remove the vehicle. As specified in *Duguay*, this was unreasonable. *Id.*

3

Galezewski also argues that he might have arrested Mutaz for a parking violation and, if he had, Mutaz would not have been able to drive the van. But Galezewski did not arrest Mutaz for a parking violation. Moreover, he cites to no parking regulation that he believes Mutaz violated. That Galezewski might have arrested Mutaz for a parking violation but chose not to did not change the fact that Mutaz was entitled to drive the van. Accordingly, this argument fails.

For the reasons stated, **IT IS ORDERED** that defendant's motion for reconsideration at ECF no. 34 is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2022.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge